# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| WAYNE H. NORMAN, | Civil Action File No. |
| Plaintiff, | |
| vs. | _____ |
| CREDIT COLLECTION SERVICES, (CCS), | |
| Defendant. | |

## ORIGINAL COMPLAINT

NOW COMES the Plaintiff, WAYNE H. NORMAN, by and through himself and for his Complaint against the Defendant CREDIT COLLECTION SERVICES, states as follows:

## NATURE OF THIS ACTION

1. Plaintiff brings this action for actual and statutory damages arising out of and relating to the conduct of Credit Collection Services, (hereinafter CCS), to include all of its affiliates, subsidiaries, and/or related entities, as well as all persons and entities acting on behalf of both parties, including but not limited to both parties, in negligently, knowingly, and/or willfully contacting Plaintiff on

1 |

his cellular telephone without his prior express consent within the meaning of the TCPA.

2. This is an action for actual and statutory damages for violations of the Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 *et seq*.

3. 'CCS' has violated the TCPA, by contacting the Plaintiff on his cellular telephone via an "automatic dialing system," or "prerecorded messages" as defined by 47 U.S.C § 227(a)(1), without prior express consent within the meaning of the TCPA.

## JURISDICTION & VENUE

4. Jurisdiction arises under the TCPA, pursuant to 28 U.S.C. section 1331.

## PARTIES

5. WAYNE H. NORMAN, (hereinafter, "Plaintiff"), is a natural person who resides in the county of DuPage, state of Illinois.

6. CREDIT COLLECTION SERVICES, (hereinafter, "Defendant"), is a company with an address of Two Wells Avenue, Newton, MA, 02459, and is a "person" as defined by 47 U.S.C. section 153(39).

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 et seq.

2 |

# THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA) 47 U.S.C §227

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA regulates, inter alia, the use of automated telephone equipment, or "predictive-dialers", defined as equipment which "has the capacity...(a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[1]

9. Per findings by the Federal Communications Commission (FCC), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

10. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

---

[1] 47 U.S.C. § 227 (b)(1)(A)(iii). [3]Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

3 |

11.  The TCPA prohibits the use of automatic telephone dialing systems and the prerecorded messages to call wireless devices. § 227(b) prohibits... the use of automated telephone equipment; (1) Prohibitions..." It shall be unlawful for any person within the United States or any person outside the United States if the recipient is within the United States—..."

## ALLEGATIONS OF FACT

12.  On or about the afternoon of March 18th, 2017, Plaintiff received a call from (603) 957-4028, (the Defendant) to his cellular phone number (682) 241-8688, inquiring about an alleged debt owed by a "Eric Valdez." Annoyed, Plaintiff hung up the phone.

13.  On April 11th, Plaintiff received another phone call from the Defendant. Again, Plaintiff hung up the phone.

14.  Each time Plaintiff would answer the phone calls from the Defendant, he would hear an automated prerecorded message say, "Please hold" or "Please stay on the line".

15.  The Defendant's telephone calls to Plaintiffs cellular telephone utilizing an "an automatic telephone dialing system" for non-emergency purposes and in the absence of the Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

16. This technology, upon information and belief, dials several numbers simultaneously and connects the call only to those who answer first.

17. Under the TCPA and pursuant to the FCC's July 2015 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statue.

18. The Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

19. Plaintiff suffered harm and damages in the form of data usage, and other charges to his cellular telephone plan, harassment, as well as invasion of privacy.

## QUESTIONS OF LAW

20. Questions of law and fact include, but are not limited to, the following:

a. Whether Defendant made non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system;

b. Whether Defendants conduct was knowing and/or willful;

c. Whether each Defendant is liable for damages pursuant the TCPA.

## COUNT I-TCPA

21. The Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

22. Without prior express consent, the Defendant contacted the Plaintiff thirty (30) times by means of automatic telephone calls in violation of 47 U.S.C. section 227(b)(A)(iii).

## **PRAYER FOR RELIEF**

a) Because of the Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each call-in violation of the statue, pursuant to 47 U.S.C. § 227(b)(3);

b) An award of all fees and costs incurred by Plaintiff;

c) All other cost the Court sees justifiable under the law.

Respectfully submitted,

Wayne H. Norman

3010 Finley Drive

Downers Grove, Ill 60515

whnorman@hotmail.com

6 |